**In the Matter of Alan L. CRAPO, Jr.**

**No. 49S00–8807–DI–640.**

Supreme Court of Indiana.

Sept. 1, 1989.

D. William Cramer, Cregor, Messick, Lalley & Cramer, Indianapolis, for respondent.

Sheldon A. Breskow, Linda K. Barnard, Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This case is before us on an agreement entered into by the Respondent, Alan R. Crapo, Jr., and the Indiana Supreme Court Disciplinary Commission and tendered for this Court's approval pursuant to Admission and Discipline Rule 23, Section 11(d). The Respondent is charged in a verified complaint for disciplinary action with violating Rules 3.3(a)(1) and 8.4(b) and (d) of the *Rules of of Professional Conduct.*

Upon review of all matters tendered, we find that the Respondent has submitted an affidavit as required by Admission and Discipline Rule 23, Section 17(a). We find further that the agreement should be accepted and approved.

We find, as agreed by the parties, that on January 4, 1988, the Respondent presented for filing a Verified Petition to Modify Visitation and Support in Marion Superior Court, Civil Division, Room 6. The Respondent represented that this was the petition of and was signed by his client, Donald F. Shultz. The purported signature of Donald F. Shultz was notarized by the

Respondent as a Notary Public. In fact, Shultz did not sign the petition. The Respondent had forged Shultz's signature and had fraudulently represented that, as a Notary Public, he had witnessed the signing.

By way of mitigation, the parties agree that during a conference at Respondent's office on January 4, 1988, the Respondent and Shultz had reviewed the petition but Shultz left the office without having signed the petition. Shultz did not have a telephone by which the Respondent could contact him. In an effort to expedite the contemplated proceeding, the Respondent forged Shultz's signature. Since this incident, the Respondent has withdrawn from the case and has taken all appropriate steps to protect his client's interests.

From the foregoing findings we conclude that the Respondent engaged in the charged misconduct and made a false statement of material fact to a tribunal and committed a criminal act which reflects adversely on his honesty, trustworthiness and fitness as a lawyer; he engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, and he engaged in conduct that is prejudicial to the administration of justice.

The Disciplinary Commission and the Respondent have agreed that the appropriate sanction for this misconduct is a suspension from the practice of law for a period of 90 days at the end of which time the Respondent would be reinstated automatically. Respondent's acts of forgery and false notarization warrant our severe scrutiny. However, in light of the agreed mitigating circumstances, we find that the agreed discipline is appropriate. Accordingly, it is ordered that the Respondent, Alan R. Crapo, Jr., is suspended from the practice of law for a period of ninety (90) days beginning October 2, 1989.

Costs of this proceeding are assessed against the Respondent.